UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE PAUL DELANEUVILLE                    CIVIL ACTION

VERSUS                                       NO.   24-1549

BRIDGET A. DINVAUT, ET AL.                   SECTION: "D" (3)


## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Ronnie Paul DeLaneuville's Complaint (Doc. 4) was referred to the undersigned for a finding and recommendation relative to whether this matter should be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e).[1] Finding that Plaintiff had not set forth sufficient factual allegations to facilitate this assessment, the Court ordered Plaintiff to file a written statement clarifying the basis of his claims no later than September 25, 2024.[2] The Court "placed [Plaintiff] on notice that his claims may be subject to *sua sponte* dismissal" if this supplemental statement failed to cure several deficiencies it noted in the Complaint.[3] That deadline having passed with no submission from Plaintiff, the Court now recommends this matter be dismissed without prejudice for lack of subject-matter jurisdiction.

---

1 R. Doc. 11.
2 R. Doc. 12 at 2–3.
3 *Id.* at 2.

## I.    Applicable Law

United States Code Title 28, Section 1915(e)(2) states, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that . . .
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such
> relief.

These provisions are "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)[4] Courts thus assess thereunder the claims of plaintiffs, like Mr. DeLaneuville, proceeding *in forma pauperis*, "so as to spare prospective defendants the inconvenience and expense of answering [deficient] complaints." *Id.* at 324.

Federal courts, however, are also courts of limited subject-matter jurisdiction. *See, e.g.*, *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As the Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction
> are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for
> '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship'
> jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she
> pleads a colorable claim "arising under" the Constitution or laws of the
> United States. She invokes § 1332 jurisdiction when she presents a

---

4 *Nietzke* discusses a prior version of Section 1915 in which the analogous dismissal provisions were located at 28 U.S.C. § 1915(d).

claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Because "subject-matter jurisdiction . . . involves a court's power to hear a case, [it] can never be forfeited or waived." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party[.]" *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.  Analysis

Plaintiff styles his Complaint as a "Removal for Cause" of St. John the Baptist Parish, Division of Code Enforcement, case No. 24-CE-1160,[5] and has included a "Notice of Removal" of this case from Louisiana state court to this federal Court.[6] Plaintiff asserts generally that:

> l) Defendants, having no agreement with plaintiff, conspired under color of law in a nisi prius de facto quasi court not of record proceeding "in equity" and not at law and did willfully injure, oppress, defraud and deprived plaintiff their unalienable right of due process, secured by the Bill of Rights, with the intent to proceed unlawfully carrying plaintiff away to jurisdictions unknown.

---

5 *See* R. Docs. 4 at 1, 4-2 at 1.
6 R. Doc. 4-3. ("Notice is hereby given that I, Ronnie Paul Delaneuville in the abovenamed case hereby move to the United States District Court for the Eastern District of Louisiana for cause.").

2) Defendants not being able to prove a claim and fiduciary authority over plaintiff necessary for a lawful seizure of body and/or property in a court of record conspired and devise a plan under the color of law to bypass plaintiff's unalienable right of "due process" in a court not of record in jurisdictions' unknown.

3) Defendants are fraudulently denying plaintiff's unalienable right of due process in a court of record proceeding according to Natural Law protected by Amendments V and VII.[7]

By way of relief, Plaintiff asks the Court to issue an order "commanding defendants to cease and desist from their unlawful scheme of extortion and restore the plaintiff to [his] original state, including the return of all assets and monies stolen from plaintiff."[8] He also "demands restitution" from each defendant in the amount of "$200.186000.179.86 face value."[9] While Plaintiff does not identify a specific provision of law under which he raises these claims, the Complaint includes the partial text of 18 U.S.C. § 1983 in a footnote, and by its terms appears to be brought pursuant to that statute.

The factual allegations in the Complaint are sparce. But, construed liberally and in the light most favorable to him, Plaintiff seems to allege that certain of the named defendants played some role in the tax sale of a property owned by Plaintiff, and that this tax sale was based on a legal or factual error. Specifically, Plaintiff asserts that Defendants Mike Tregre and Bridget A. Dinvaut, whom he identifies as

---

7 R. Doc. 4 at 2–3 (all sic; footnotes omitted).
8 R. Doc. 4 at 3.
9 *Id.* at 4.

4

the District Attorney and Chief Executive Officer of St. John the Baptist Parish, are "Napoleanic [sic] Officer[s]" and had "involvement in selling my property at a tax sale when my property was tax exemp[t] for numerous years."[10] He alleges that, as part of "their conspiracy of selling my property" Dinvaut and Tregre sold "my property for a tax lien, when in fact it was a labor lien, but they're both not the same thing" and "il[l]egally s[old] my property for a tax lein, when I'm tax exempt. It's a labor lien which goes on the property until it's sold."[11] Additionally, Plaintiff claims Tregre "illegally" sold his property "at a tax sale" and "under a Napoleanic government law."[12] Plaintiff also names Henry Joseph, Jr. and Kennilyn Schmill as defendants, but the Complaint contains no specific factual allegations against them.

Reduced to its substance, Plaintiff's Complaint alleges that the tax sale of Plaintiff's property was improper because: (1) the property was tax exempt, and (2) the lien on the property did not authorize a tax sale. These contentions both, however, reflect a dispute over state law rather than any cognizable constitutional challenge that might be redressable under Section 1983. *Cf. Dougherty v. Hassell*, 162 F. App'x 178, 181 (3d Cir. 2006) (citing *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 (1983)). Plaintiff's claims thus do not implicate this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. Insofar as Plaintiff intends to assert a state law

---

10 R. Doc. 4-2 at 1–2.
11 *Id.* at 3.
12 *Id.* at 2.

claim, he has failed to establish that his citizenship is different from that of all defendants. *See* 28 U.S.C. § 1332. To the contrary, Plaintiff affirmatively asserts that he is a citizen of Louisiana, and all defendants to this action appear to be characterized as Louisiana governmental officials.[13] Accordingly, this Court also cannot exercise diversity jurisdiction over this.

Plaintiff asserts no alternate basis for this Court's jurisdiction over his claims. Moreover, Plaintiff's styling of his case as a "Removal for Cause" of the underlying state-court case confirms that the *Rooker-Feldman* doctrine bars any assertion of federal subject-matter jurisdiction over Plaintiff's claims. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 (5th Cir. 2013). It is well established that a party who loses in state court "cannot invite a federal district court to 'sit in direct review of state court decisions' by asserting constitutional claims that the state court had not directly addressed." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 n. 1 (2005); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983)). The Court lacks subject-matter jurisdiction over this matter and it must thus be dismissed. *See* Fed. R. Civ. P. 12(h)(3).[14]

---

13 *See* R. Docs. 4 at 1, 4-2 at 1–2.

## III.    Recommendation

Accordingly, having carefully reviewed the record of this matter in light of the applicable law, and for the foregoing reasons;

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass' n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of October, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE